## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MINIMIAH RAHMAN**                                                    **CIVIL ACTION**

**VERSUS**                                                                        **NO. 23-835-SDD-RLB**

**GULF STATES INSURANCE COMPANY**

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days from the date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 11, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MINIMIAH RAHMAN                                               CIVIL ACTION

VERSUS                                                        NO. 23-835-SDD-RLB

GULF STATES INSURANCE
COMPANY

## REPORT AND RECOMMENDATION

Relevant to this Report and Recommendation are Minimiah Rahman's ("Plaintiff") Complaint for Damages (the "Complaint") and this Court's September 5, 2023 Order. This Report and Recommendation is brought *sua sponte* due to an issue of subject matter jurisdiction.

**I.   Background**

On August 25, 2023, Plaintiff filed a Complaint in the Middle District of Louisiana against Gulf State Insurance Company ("Defendant"). (R. Doc. 1). The Complaint alleges, among other things, breach of contract for Defendant failing to timely provide adequate payment for Plaintiff's losses during Hurricane Ida. (R. Doc. 1 at 37, 38, 39).

According to the Complaint, Plaintiff is "domiciled in the City of Baton Rouge, East Baton Rouge Parish, State of Louisiana." (R. Doc. 1 at 1). Defendant is "incorporated under the laws of Louisiana, with a principal place of business at 1201 Camellia Boulevard, Suite 201, Lafayette, Louisiana 70508[,] is authorized to do business and issue policies in the state of Louisiana[, and] may be served with process through Agent, Haley Marcus Carter, Jr., 1201 Camellia Boulevard, Suite 201, Lafayette, Louisiana 70508." (R. Doc. 1 at 2).

Despite both parties being Louisiana citizens, the Complaint asserts that "[j]urisdiction of this Court over this action is invoked pursuant to 28 U.S.C. § 2201 as well as 28 U.S.C. §1332(a)(1), as there is complete diversity of citizenship[.]" (R. Doc. 3).

On September 5, 2023, this Court *sua sponte* noted "the potential insufficiency of [P]laintiff's assertion of federal jurisdiction." (R. Doc. 5). Plaintiff was ordered, "within 21 days of the date of th[e] Order, [to] file an amended complaint or move to dismiss[.]" (R. Doc. 5). The deadline passed on September 25, 2023, and Plaintiff filed no amendment or motion to dismiss.

## II.     Law and Analysis

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id* (citations omitted). If a party seeks to establish diversity of citizenship for jurisdictional purposes, that party must show that the cause of action is between "citizens of different States" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)-(a)(1).

If at any time a federal court learns it may lack subject matter jurisdiction, it "may raise subject matter jurisdiction *sua sponte*." *See* 28 U.S.C. § 1447(c); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005). Here, the Court raises subject matter jurisdiction *sua sponte* because it finds there is no diversity. When federal jurisdiction is based on diversity, the citizenship of each party must be "distinctly and affirmatively" alleged in accordance with § 1332(a) and (c). *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991) (quoting *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)). While the Complaint provides the citizenship of Plaintiff and Defendant, both are citizens of Louisiana. (R. Doc. 1 at 1, 2). This is the opposite of complete diversity, which "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (citation omitted).

Because complete diversity is not present, there is no subject-matter jurisdiction and this Court "must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3). As for amendment, a party may do so only if diversity is not questioned and the defect is one of form and not fact. *Stafford v. Mobil Oil Corp.,* 945 F.2d 803, 806 (5th Cir. 1991). As this is not the case here, Plaintiff may not amend. *See McGovern,* 511 F.2d at 654 (amendment disallowed where "there is no indication in the record that diversity in all probability exists").

### III.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Complaint (R. Doc. 1) be **DISMISSED** without prejudice on the basis that this Court lacks diversity jurisdiction under 28 U.S.C. § 1332.

Signed in Baton Rouge, Louisiana, on October 11, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**